# Dikis v. Likis.

*Bill to Declare a Trust in a Lease.*

(Dcided May 21, 1914.  65 South. 398.)

1. *Partnership; Firm Assets; Lease in Name of Partner.*—Where a storehouse is necessary for the transaction of a partnership business, and one of the partners leases it, taking the lease in his own name, he will be treated as a trustee of it for the firm in view of his duty to the firm, there being no assent of his partner to its being treated as an individual transaction; and its equitable status is not dependent on its acquisition by payment of the partnership funds, or any express contract between the partners, or on specific consideration moving between them.

2. *Same; Action Between.*—In a suit between partners as to a lease of property necessary for the partnership business, the limit of relief is to have it decreed a partnership asset, obviously it cannot be sold ,and its proceeds divided, except by agreement, in advance of and independently of a dissolution and settlement of partnership affairs.

3. *Frauds; Statute; Real Property; Partnership Lease.*—Where a lease is taken in the name of one of the partners, the statute of frauds has nothing to do with the question of its being treated by equity as partnership assets, as equity treats all partnership property as personalty so far as partnership rights are concerned, and an implied trust is involved.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by J. J. Dikis against K. D. Likis to declare a trust in and to an undivided half interest in a lease, etc. From a decree sustaining demurrers to the bill complainant appeals.  Reversed and rendered.

The bill shows the following state of facts:

That during the month of December, 1912, and for several months prior thereto, complainant and said Likis were copartners doing business under the firm name and style of Likis & Dikis, and that some time during the month of December, 1912, it became necessary that the said partnership lease a storehouse in which to con-

duct the partnership business, and that the said K. D.
Likis, being the senior member of the firm, was intrust-
ed by complainant to procure the necessary quarters
and to execute the lease therefor in the name of the
partnership and complainant alleges that they selected
the storehouse that they desired, and that said K. D.
Likis, pursuant to the agreement and understanding
with complainant that said storehouse be leased for the
term of five years for and by the partnership of Likis
& Dikis, leased from one R. D. Burnett the following
property, being the property selected by agreement be-
tween the member of the firm of Likis & Dikis, viz.:
That certain storehouse located at 223 North Nine-
teenth street, Birmingham, Ala., and complainant al-
leges that said Likis, in violation of the agreement and
understanding between complainant and himself, in vio-
lation of the terms of the partnership, and in violation
of the trust reposed in·him by complainant, took the
legal title to said lease in his own name, and complete-
ly ignored the rights of complainant therein, and refus-
ed upon demand to recognize the right of complainant
therein, and complainant alleges that in equity and good
conscience he is the owner of an undivided one-half in-
terest therein, and that the said lease is of great value,
being for the term of five years from the beginning there-
of, to wit, January 1, 1913.   The premises considered,
complainant prays that said Likis be made a party de-
fendant to this bill of complainant, and that process
issue to him as such, requiring him to plead, answer, or
demur to this bill of complaint within the time requir-
ed by law and that in default thereof the allegations
herein contained be taken and considered as true and
confessed; that upon the final hearing your honor de-
clare a trust on an undivided one-half interest in and
to the said lease to the said building, and that the title

to the said undivided one-half interest by divested out of the defendant and invested in this complainant, and that your honor order and decree a sale of said lease, and that the proceeds derived therefrom be divided between the joint owners or tenants in common thereof.

THOMAS J. JUDGE, THOMAS J. ROE, and C. C. NESMITH, for appellant. Partners occupy a fiduciary relation, and neither can use knowledge or information acquired by reason of the partnership to his own advantage, and when he does, he becomes a trustee of the property or interest thus acquired.—*Goldsmith v. Eichold*, 94 Ala. 119; *Bester v. Barker*, 106 Ala. 240; *Zimmerman v. Huger*, 29 Ala. 390; 19 Am. Rep. 352; 30 Cyc. 458. This case comes within the line of cases holding that wherever one person is placed in such relation to another by the act or consent of the other, or the act of the third person, or of the law, that he becomes interested for him, or with him, in any subject of property or business, he cannot acquire antagonistic rights. *Kent v. Dean*, 128 Ala. 600; *Waller v. Jones*, 107 Ala. 331; *Scottish U. & I. Co. v. Dangaix*, 103 Ala. 388.

W. P. McCROSSIN, for appellee. No brief reached the Reporter.

SOMERVILLE, J.—The complainant's right to share with his copartner in the benefits or profits arising from the leasehold procured by the latter under the circumstances shown does not depend upon the ordinary principles of implied or constructive thusts. The right grows out of the partnership relation, and the duties and obligations imposed by law upon partners.

As stated by Lord Lindley:

"Good faith requires that a partner shall never obtain a private advantage at the expense of the firm. He

is bound, in all transactions affecting the partnership, to do his best for the common body, and to share with his copartners any benefit which he may have been able to obtain from other people, and in which the firm is in honor and conscience entitled to participate."—Ewell's Lindley on Partnership, vol. 2, p. 775 (*571, 572).

This is the uberrima fides of the civil law, now universally approved as the soul of the partnership relation.—*Bestor v. Parker,* 106 Ala. 240, 250, 17 South. 389.

"While the partnership relation continues, the law imposes upon each partner the duty of acting with the utmost good faith toward his copartners. It treats him as their confidential agent in all partnership transactions, and subjects him to the inability of such an agent to secure for himself that which it is his duty to obtain, if at all, for the firm of which he is a member. Accordingly, if he purchases property for his individual benefit, or takes a lease of it when the firm is entitled to the advantage of such purchase or lease, or secures a valuable contract for himself, which it was his duty to obtain for the firm, he will be treated as a trustee thereof for the firm, and be compelled to account to the firm for the profits of the transaction, unless such a purchase or transaction is assented to by his copartners."—30 Cyc. 458, 5.

If the allegations of the bill are true, the defendant has been guilty of a flagrant breach of the duty owed to the complainant, and equity will treat the leasehold acquired by him as an asset of the firm, to be shared in, as other assets are, by his copartner in the business.— *Johnson's Appeal,* 115 Pa. 129, 8 Atl. 36, 2 Am. St. Rep. 539.

In such a case this equitable status of the property does not depend upon its acquisition by the payment of

partnership funds, nor upon any express contract between the partners, nor upon any specific consideration moving between the partners. Nor has the statute of frauds anything to do with the case since equity treats all partnership property as personalty, and deals with it accordingly, so far as partnership rights are concerned (*Powers v. Robinson,* 90 Ala. 225, 8 South. 10); and because, also, an implied trust is involved.

· The demurrer was without merit, as to any of the grounds assigned, and should have been overruled. ·

It may be noted that the right of the complainant in this proceeding extends no further than to have the . status of the leasehold fixed as a partnership asset. Obviously it cannot be sold and its proceeds divided in advance and independently of a settlement of the partnership affairs, except by agreement of the parties; and it does not appear that these has been such a settlement, nor even a dissolution of the partnership.

The decree of the chancellor will be reversed, and a decree will be here rendered overruling the demurrr to the bill.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.