[Civil No. 2762. Filed January 28, 1929.]

[273 Pac. 986.]

G. W. BARTHOLOMEW, Appellant, v. GEO. C. RUFFNER, as Sheriff of Yavapai County, Arizona, and LOGAN COPPER COMPANY, a Corporation, Appellees.

See Judgments, 34 **C. J.**, sec. 498, p. 285, n. 16.

Messrs. Norris, Norris & Flynn, for Appellant.

Messrs. Clark & Clark, for Appellees.

LOCKWOOD, C. J.—In the year 1925 suit was brought against the Logan Copper Company, a corporation, to foreclose a tax lien upon the property involved in the present action. Judgment for foreclosure was rendered, and by virtue thereof on January 5, 1926, G. W. Bartholomew, hereinafter called appellant, purchased the property for the sum of $406.32, and the usual certificate of sale was issued to him. On July 5, 1926, E. G. Weil, then sheriff of Yavapai county, was paid the sum of $427.57 for the purpose of redeeming said property from the execution sale. This payment was made by Mr. Ziba O. Brown, and was accompanied by the following letter:

"I hand you herewith my check No. 933 for $92.57 as balance due for the redemption of the Logan Copper Co. property.

"Attorney E. S. Clark sent you $335.00 on account of this fee and this check is intended to be for the balance, and if it is not correct I will be glad to take care of any balance.

"I am listed as the Statutory Agent for this company, and Mr. Clark asked me to take care of this matter for him, and in talking to him over the phone

last evening he assured me that this redemption is made for the benefit of the Logan Copper Company, and not for any judgment creditor or other creditor of the company, and that this money is paid to you for the purpose of securing a clean redemption of the Certificate of Sale of the property for the benefit of the Logan Copper Company.''

The sum paid was predicated on a statement previously made to Brown by Weil that this would be the amount required to redeem. A day or two later, however, Weil notified Brown that the amount was erroneous, and that a payment of $4 or $5 more would be required, which sum was immediately paid by Brown. The statutory period of redemption expired July 6, 1926. On the seventh day of July appellant presented the certificate of sale to the sheriff and demanded the usual sheriff's deed. Because of the attempted redemption above described, the latter refused it, and appellant on July 22d applied to the superior court of Yavapai county for a writ of mandate to compel the sheriff to issue the deed to him.

The defendant sheriff answered, being represented by Hon. E. S. Clark, who was also attorney for Logan Copper Company, the judgment debtor, the latter, however, not entering any appearance in the action. The answer consisted of a general demurrer and a complete answer on the merits. Appellant demurred specially and generally to the answer, and, this matter coming on for hearing on the 25th of August, the first ground of the special demurrer was sustained, and the second ground and the general demurrer were overruled. This left the case standing upon the complaint, the general demurrer of defendant, and an answer which stated a defense to the action. No further proceedings were had during the year 1926.

Weil went out of office as sheriff on January 1st, 1927, being succeeded by G. C. Ruffner. At the in-

ception of the action Hon. R. E. Morrison was counsel for appellant. He died about January 1st, 1927, and during the month of August another attorney was substituted. On August 17th, 1927, this attorney wrote Mr. Clark the following letter:

"I have been substituted in the above entitled matter as attorney for petitioner in the stead of Robt. E. Morrison, deceased.

"About when will it be convenient for you to have the matter heard, subject to the convenience of the court? Have just returned from the coast and may have to make another trip shortly, but have to be here for other matters coming up, between the 10th and 20th of September."

To this, on the 22d of August, Clark replied as follows:

"Replying to yours of August 17th regarding the case of *Bartholomew* vs. *Weil,* it is very difficult for me to say just now when I can take up that case, but doubtless it will be sometime during the month of September. I have some other matters coming up in Prescott during that month, and as soon as I ascertain when they will be heard, I will let you know, and we will endeavor to agree on a date."

No further communication or notice regarding the case was sent by appellant's attorney to Clark, but on the 29th of August, and without any notice to Clark or to the Logan Copper Company, the case was called up for trial by counsel for appellant. Ruffner, the new sheriff, was substituted as defendant in place of Weil, and was nominally represented in court by Hon. J. J. Sweeney, deputy county attorney. No one represented the Logan Copper Company or Weil, the former sheriff, and neither Ruffner nor his counsel had any knowledge of the proceedings in the matter, except the record as it then appeared in the sheriff's office. No defense was presented by Ruffner, his counsel stating frankly that he knew nothing whatever in regard to the facts of the case,

except as they appeared in the record. Judgment was rendered in favor of appellant at this hearing, and a peremptory writ of mandate issued commanding the sheriff to execute and deliver the tax deed to appellant, which mandate was complied with.

On November 15th, Clark addressed the following letter to appellant's attorney:

"Since receiving your letter of August 17th, regarding the case of *Bartholomew* vs. *Weil*, No. 10322, to which I replied on August 22, 1927, I have heard nothing whatever from you respecting this case. Will you kindly advise me of its present status. . . . "

This was immediately answered in the following language:

"The term of office of Weil having expired, and the proceeding having abated as to him as Sheriff, his successor in office Ruffner was substituted as defendant; the matter was heard, the County Attorney appearing for the Sheriff, peremptory writ of mandate issued; and by virtue thereof, the Sheriff executed a deed to Bartholomew on, as I recall, September 3, 1927.

"At the time I wrote you I had not examined the record in the case and therefore was not advised that you appeared of record for Weil in his official capacity. Also, you wrote that you would be here in September and see me about the matter. By reason of the record there appeared no reason why I should write you, but would as a matter of courtesy, have done so had you intimated that you desired me to do so."

Whereupon Clark filed a motion to set aside the judgment, setting up substantially the foregoing facts, and alleging that he had been taken by surprise, and had been misled by the acts of appellant's counsel, so that he had no notice of the hearing on the 29th of August, and did not know of it until receipt of the letter of November 18th above quoted, and alleged that a redemption had been properly made as set

forth in the answer. This motion was resisted by appellant, and was heard on the 11th of February, 1928. At such hearing it was ordered that the Logan Copper Company be made a party to the action, and the court found that the judgment had been procured by surprise, and that in the interest of justice it should be set aside, and so ordered. Appellant has brought this order before us for review.

Paragraph 600, Revised Statutes of Arizona of 1913, Civil Code, reads as follows:

"The court may, any time within six months after the making or entry of any judgment, order or other proceeding, relieve a party from any such judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; or may, *for good cause shown,* modify or set aside its judgments, orders or proceedings." (Italics ours.)

It will be seen from this that the trial court may "for good cause shown modify or set aside its judgments." It would appear to us, from the foregoing statement of facts, that most excellent cause was shown. The matter, although nominally against the sheriff of Yavapai county, was in reality against the Logan Copper Company, the original owner of the property, the sheriff being in effect a mere stakeholder. As is customary in cases of this nature, the sheriff called upon the attorney of the real party in interest to represent him, and Mr. Clark appeared and showed by his pleadings that the matter would be contested. That this was known by counsel for appellant is shown by his letter of August 17th above quoted, and he was advised that the month of September would be a time agreeable to Clark for hearing the case. Notwithstanding this, and without further notice to appellee's counsel, he had the case called for trial, substituted the name of the new

sheriff as a party, and pressed the matter to judgment.

In our opinion the mere recital of these facts shows conclusively that a refusal to set aside a judgment obtained by such means would have been an abuse of discretion, and the trial court took the only possible course. It is urged by counsel for appellant that the Logan Copper Company was guilty of laches in not entering an appearance as a party defendant in the original suit against Weil, and that it should not have been permitted to intervene when it did. It is perhaps true that it would have been technically more regular for such appearance to have been made at the inception of the suit, but under paragraphs 409, 410, Revised Statutes of Arizona of 1913, Civil Code, the court had discretion to allow it to be made a party at any time, and, in view of the facts above set forth, the discretion was properly exercised. Courts of justice may not be used by litigants for the purpose of securing a judgment in the manner in which this was obtained.

We think it only just to say that the present counsel for appellant, Messrs. Norris, Norris & Flynn, of Prescott, did not come into the case until long after the judgment had been taken, and our remarks in no way apply to their conduct.

The order appealed from is affirmed.

McALISTER and ROSS, JJ., concur.