[Civil No. 2860.  Filed April 14, 1930.]

[286 Pac. 825.]

## J. GARDNER SCOTT, Appellant, v. G. W. BAR-THOLOMEW, Appellee.

Mr. J. Gardner Scott, *in pro. per.*

Messrs. Norris, Flynn & Patterson, for Appellee.

ROSS, J.—This is an action by J. Gardner Scott against G. W. Bartholomew to recover attorney's fees. It appears from the record that the defendant, on January 5th, 1926, became the purchaser, at a sheriff's sale under special execution, of three patented mining claims, situate in the Copper Basin mining district, Yavapai county, and received from the sheriff a certificate of sale evidencing such purchase. After the period of redemption had expired, the sheriff, for some reason not necessary to state, refused to execute and deliver to him a deed of the mines. Defendant thereupon employed plaintiff to represent him in securing title to the premises, which plaintiff undertook to do. A suit to *mandamus* the sheriff having been brought prior to plaintiff's employment, plaintiff prosecuted such suit and obtained a judgment ordering the sheriff to execute and deliver

to plaintiff a sheriff's deed, and the sheriff in pursuance of such order did execute and deliver a deed of said premises to defendant. Subsequently, upon motion of the judgment debtor, the order directing the sheriff to make and deliver deed was vacated. Before the last order was made plaintiff brought this action alleging that he had performed the services for which he was engaged and was entitled to be paid the agreed fee. In his complaint he avers that the contract of employment was that defendant would pay all costs and disbursements and a fee to him of $1,000 for his services, as follows: A $200 retainer "and upon judgment being rendered for said Bartholomew, the further sum of Eight Hundred Dollars." He alleged that he secured such judgment, caused it to be recorded, and paid therefor $5; also that deed was executed to defendant for which plaintiff paid the statutory fee of $2.50. He prays judgment for $800, the balance of his fee, and for $7.50 costs that he had advanced.

Defendant in his answer states that the agreement was that he would pay all costs, and that plaintiff would represent defendant in the *mandamus* suit, also bring an action to quiet defendant's title to mines, for the sum of $1,000, $200 thereof to be paid in cash and the balance when a judgment was obtained quieting defendant's title. He avers that plaintiff did not institute an action to quiet title, and by bringing this action breached his contract to do so; and admitted his liability for the $7.50 costs. He filed a counterclaim for the $200 cash theretofore paid plaintiff, claiming that he had received no consideration therefor.

The court heard the evidence, and at the conclusion of the trial announced judgment when formally presented and approved would be "rendered in favor of the defendant on the complaint herein, and in favor of plaintiff on defendant's counterclaim," the

defendant to recover costs. Thereafter a formal written judgment was entered in conformity with the order therefor, except plaintiff was awarded judgment for the $7.50 costs that he had advanced for defendant.

Error is predicated upon the court's allowance of a trial amendment of his answer by defendant, setting up the vacation of the *mandamus* judgment, because, it is said, plaintiff was prevented and precluded from resisting the motion to vacate, the defendant having employed for such purpose other counsel, and because defendant, in an action theretofore instituted to quiet his title against certain named adverse claimants, had set up such judgment as valid. Perhaps plaintiff had literally complied with that part of his contract in which he engaged to obtain a sheriff's deed to properties, but, if the judgment directing the sheriff to give defendant deed was later vacated, it might be in fact no performance whatever. The order vacating the judgment was before us (*Bartholomew* v. *Ruffner*, 35 Ariz. 12, 273 Pac. 986), and was upheld upon the ground that opposing counsel was not given notice of the hearing in the *mandamus* proceeding, and the present plaintiff was charged with such dereliction. The judgment was annulled because of the omission on the part of the plaintiff to notify opposing counsel. Plaintiff's complaint that he was not permitted to defend against the motion to vacate judgment, in other words, to carry out his contract, might be all right, if he had not, by instituting this suit for the balance of his fee, created a situation incompatible with the further relation of attorney and client. At one and the same time he, by bringing suit for his services, was insisting that he had fully performed his contract, and, *contra,* that he was not permitted to do so by the defendant. We think when plaintiff instituted this action defendant had a right to treat his conduct as inconsistent with

further service as his attorney. Neither should defendant, because he relied upon the *mandamus* judgment before it was vacated as a link in his chain of title, be precluded from showing that it had been later vacated. For the reasons suggested, the amendment was properly allowed.

The contract between plaintiff and defendant was negotiated almost exclusively by correspondence and telegrams, and all of the letters and telegrams passing between them concerning plaintiff's employment were introduced in evidence as memorials of such contract. Plaintiff contends that his telegram accepting the employment was the only competent evidence. In this he is in error, since the telegram of acceptance did not purport to contain all the terms and conditions of the contract. These could only be known from all their correspondence.

Complaint is made of the difference in the order for judgment and in the formal written judgment. In the order the fact that plaintiff had paid out $7.50 for costs and that defendant confessed judgment for that sum was not noticed. In the judgment as finally entered plaintiff was given judgment for that amount. We cannot see that he has any cause to complain of this. The change was in his favor. The order for judgment shows clearly that it was not intended to include in it all the terms and conditions of the judgment to be entered, nor was it intended that such order should be a final judgment. The judgment in favor of plaintiff for the $7.50, such sum having been admitted to be due him, and judgment giving defendant his costs were in accordance with the provisions of section 1481 of the Revised Code of 1928.

The judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.