[Civil No. 3038. Filed November 4, 1931.]

[4 Pac. (2d) 384.]

THE FIRST NATIONAL BANK OF WINSLOW, a Corporation, Appellant, v. CHARLES OSBORNE and EMMA OSBORNE, His Wife, Appellees.

Mr. C. H. Jordan and Mr. C. D. McCauley, for Appellant.

Mr. W. E. Ferguson, for Appellees.

LOCKWOOD, J.—First National Bank of Winslow, a corporation, hereinafter called plaintiff, brought suit against Charles Osborne and Emma Osborne, his wife, hereinafter called defendants, on a promissory note in the sum of $500, executed by defendant Charles Osborne in favor of plaintiff, and for interest alleged to be due on certain other notes similarly executed. The case was tried before the court sitting without a jury, and judgment was rendered in favor of defendants, and the matter is now before us for review.

There are nine specific assignments of error, but we consider the case upon the legal propositions involved therein. The evidence, considered in its most favorable aspect in favor of defendants, as we must consider it under the oft-repeated rule of this court, shows the facts to be as follows:

Some time before the year 1927 John Williams was the owner of certain real estate upon which plaintiff held a second mortgage. The first mortgage was foreclosed, and R. C. Kaufman, who was during all the times involved in this action, president of plaintiff bank, bought the property in at the sale, taking title in his own name, to protect the bank's second mortgage. Thereafter Kaufman told Williams that

if he would pay the debt to the bank, the property would be resold to him. Williams gave the bank certain notes, and upon payment thereof was to receive title to the land from Kaufman. Williams was working for Osborne, and the latter signed one of the notes as surety. For some reason Williams was unable to pay off the indebtedness, and gave up his contract to repurchase. Kaufman then offered to Osborne that if the latter would enter into a contract for the purchase of the land for $1,500 and pay some $469, the balance of the Williams indebtedness, plaintiff would release Osborne from further liability on the note guaranteed by him. Osborne paid the $469, and the contract for the purchase of the real estate was duly made between himself and Kaufman, Osborne executing in favor of the bank four notes for $250 each, and one note for $500, the latter being the one in controversy in this action, and the Williams notes and contract of purchase were canceled.

The contract was in the usual form of purchase and sale, but contained the following provisions:

"In the event of the failure to comply with the terms hereof, by the said second party, the said first party shall be released from all obligations in law or equity to convey said property, and said second party shall forfeit all rights thereto, including a forfeiture of all payments made by him on this contract at the time of forfeiture, and such payments shall be retained by said first party *in full satisfaction and in liquidation of all damages by him sustained.*" (Italics ours.)

After some time Osborne decided not to complete the contract, and surrendered the premises to Kaufman, who sold them to a third party for $1,000, which he applied in payment to the bank of the four $250 notes given by Osborne, and this action was brought on the $500 note remaining unpaid.

It is the contention of plaintiff that the note in question represented a transaction between Osborne and plaintiff alone, the sole consideration therefore being the cancellation by it of the Williams notes, and that the latter had no knowledge of and was not in any way concerned in the contract between Kaufman and Osborne. It is the position of defendants that Kaufman at all times was acting merely as agent for the bank, that the entire transaction must be considered as a whole, and that under the terms of the contract of purchase of the realty when Osborne surrendered the property all further obligation on his notes ceased. The trial court found that Osborne's theory of the facts was the true one, and after reading and examining all the evidence, we are of the opinion it was justified in so doing. If as a matter of fact Kaufman was acting throughout the transaction merely as plaintiff's agent, when the vendee declined to complete the contract the sole remedy of the vendor was to retain any portion of the purchase price already paid as liquidated damages and compensation for the use and occupation of the premises, and it could not recover for the installments still due and represented by the notes in question. *Armstrong* v. *Irwin,* 26 Ariz. 1, 32 A. L. R. 609, 221 Pac. 222; *Weatherford* v. *Adams,* 31 Ariz. 187, 251 Pac. 453.

The whole case turns on the question of whether Kaufman throughout was acting merely as agent for the benefit of plaintiff, or independently on his own behalf. If the former be true, the court properly rendered judgment for defendants. As we have said, the evidence may reasonably be construed to sustain such an inference on the part of the trial court, and under our usual rule, it is the sole judge not only of the evidence itself, but of the reasonable inferences to be drawn therefrom. *Moeur* v. *Farm Builders Corp.,* 35 Ariz. 130, 274 Pac. 1043.

Two of the assignments of error go to the admission and rejection of evidence, but we think we need not consider these further than to say that if the trial court erred in its rulings, the error is immaterial.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.