[Civil No. 4765. Filed September 24, 1945.]

[161 Pac. (2d) 924.]

JOE GRIMM and JULIA GRIMM, Also Known as JOE PERAZZO and JULIA PERAZZO, Husband and Wife, Appellants, v. MARTIN E. BEARD and SADIE E. BEARD, Husband and Wife, Appellees.

Mr. John M. Levy, for Appellants.

Mr. H. M. Van Denburgh and Mr. Stephen B. Rayburn, for Appellees.

MORGAN, J.—For some years prior to the month of August 1943, plaintiffs had leased from defendants certain housing accommodations at Phoenix. In their amended complaint they alleged that on March 1, 1942, the maximum rental of the premises which they were leasing was the sum of $36.92 per month; that in violation of the Federal Emergency Price Control Act of 1942, 50 U. S. C. A. Appendix § 901 *et seq.*, and the maximum rent regulations promulgated thereunder, defendants unlawfully exacted and collected from plaintiffs $42.50 rental for each of the eight months beginning December 28, 1942, and ending August 27, 1943. They prayed for $400 in damages, being the total of $50 for each alleged monthly overcharge, as provided in the Act. Defendants denied the alleged overcharges, and alleged that the maximum rent established and permitted by the Emergency Price Control Act and the regulations thereunder as of March 1, 1942, and thereafter, was the sum of $42.50 per month.

The sole issue made by the pleadings was the amount of the maximum rent for the premises as of March 1, 1942. The testimony as to the actual or maximum rental as of that date was conflicting. In December 1942, or in January of 1943, defendants filed with the Office of Price Administration a registration statement to the effect that on March 1, 1942, the rental being paid by plaintiffs was $42.50 per month. A copy of this statement was delivered to plaintiffs. Pursuant to the regulations they had fifteen days to object to the statement. Provisions set out in the copy of the state-

ment furnished to plaintiffs advised them of this right. They made no objection. At the conclusion of the evidence, and after oral argument, the trial court entered judgment in favor of defendants. There were no findings and none were requested. Motion for new trial was made and denied. Plaintiffs appealed from the judgment.

The first matter for our consideration is a motion filed by plaintiffs under the provisions of Section 22-211, Arizona Code Annotated 1939, to correct the record. This motion, supported by affidavit of counsel for plaintiffs, is to the following effect: The trial judge, at the time of the entry of judgment, stated that in order to find for plaintiffs he would have to find the defendants guilty of a criminal offense in making out their registration. Furthermore, that, since under the regulations the plaintiffs had fifteen days to list objections to any statement made, but having failed to do so, they were estopped to ask for "treble" damages. Such statements were made by the court while the case was being argued, but due to absence of the court reporter no record thereof appears in the transcript.

An opposing affidavit has been filed by counsel for defendants. This is to the effect that counsel does not recall such a statement by the court; and that if any such statement was made it was merely as an informal discussion of the case. From this affidavit it appears a motion identical to the one before this court was presented to, argued and denied by the trial court; and the court then stated that any statements pertaining to estoppel were "surplusage," and that the case was decided upon the issue of fact. In support of the statement that the cause was decided on the fact issue, counsel quotes from the reporter's transcript as follows:

"The Court: Do you want to argue?

"Mr. Levy: We would like to submit some authorities.

"The Court: It is a question of fact, isn't it?
"Mr. Levy: Yes."

█ The present proposed amendment was fully presented to the trial court, and by him denied. The trial court knew the ground upon which the judgment was based. If the judgment had been predicated only upon estoppel, we take it that the amendment would have been allowed. His ruling on the motion to amend, and the written record, indicates that the judgment was based upon the issue of fact made by the pleadings. Under the circumstances, we must deny the motion to amend the transcript.

█ Plaintiffs' first assignment of error, that the judgment was based entirely on estoppel, which was not pleaded as a defense, cannot be considered since there is no support for the claim in the record. Likewise, there is no merit in the second assignment that the trial court erred in denying the motion to amend the transcript. Obviously, the denial of that motion by the trial court discloses that the judgment was based on the fact issue, and not upon any rule of estoppel. Any remarks of the trial judge made at the time of the entry of the judgment, if, as it appears, the cause was determined on an issue foreign to such observations, would be wholly immaterial.

█ The assignment that there is no competent evidence to support the judgment is not sustained by a reference to the record. Our examination of the testimony discloses ample evidence to justify the court in finding that the maximum established and permitted rental for the premises on March 1, 1942, and thereafter, was $42.50 per month, the amount charged and paid. It would serve no useful purpose to recite this evidence. It is sufficient to say that both defendants testified to the rental in the amount as claimed in their answer. The plaintiffs testified in support of the allegations of their complaint. Where the evidence is

conflicting, and there is competent evidence in support of the trial court's decree, the judgment must be sustained by this court. The weight of evidence and credibility of the witnesses can best be determined by the trier of the facts. This rule is so well established that the citation of authorities in its support is needless. We think it proper to add that, in the absence of findings, this court is bound to uphold a judgment of this character, where there is a reasonable theory of the case upon which the judgment can be sustained, and there is sufficient evidence in its support. *Phoenix Safety Investment Co.* v. *James,* 28 Ariz. 514, 237 Pac. 958; *In re Estate of Brashear,* 54 Ariz. 430, 96 Pac. (2d) 747. All these elements exist here.

No error appearing, the judgment is affirmed.

STANFORD, C. J., and LaPRADE, J., concur.