417 P.2d 372

Andrew J. EVANS and Mary R. Evans,
his wife, Appellants,

v.

C & B DEVELOPMENT CORPORATION,
an Arizona corporation, Appellee.*

No. I CA–CIV 277.

Court of Appeals of Arizona.

July 29, 1966.

Rehearing Denied Sept. 8, 1966.

Review Denied Oct. 25, 1966.

Evans & Kunz, by Donald R. Kunz, Phoenix, for appellants.

Botsford, Shumway & Wilson, by Guy C. Wilson, Scottsdale, for appellee.

McCARTHY, Superior Court Judge.

This is an appeal from a default and judgment foreclosing a mortgage and for the sum of $97,527.96 plus costs.

A verified complaint was filed against appellant on January 21, 1963, alleging an indebtedness in the principal sum of $65,626.30, evidenced by a promissory note, and secured by a third mortgage on real property. An Order to Show Cause to appoint a receiver was issued on the same date and a hearing was held some ten days later at which time appellants were present in court with their attorney, Mr. V. A. Cordova. On or about March 6, 1963, appellants reached an agreement with their counsel, Mr. Cordova, that he would withdraw as their attorney. Mr. Cordova then wrote appellee's counsel, Mr. T. W. Shumway, of that fact.

Thereupon on March 8, 1963, Mr. Shumway wrote to Mr. Cordova as follows:

"I received your notice of withdrawal this morning and wish to advise that

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 8605. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

under the circumstances I feel that I must enter a default to protect my clients interest. Since the Evans appeared in the action, however, *I will give them notice before taking default."* (Emphasis added.)

Subsequently, on March 11, 1963, default was entered against appellants, although no showing was ever made that defendants were notified before default was entered. Thereafter appellants promptly filed numerous motions to have the default set aside. After several hearings thereon, the default was permitted to stand. Appellants claim a comedy of errors was responsible for the failure to set aside the default.

The "comedy of errors" to which counsel refers is a series of unique events which would serve no purpose to review in detail. They include the filing of an Answer under the wrong cause number in the Clerk's office; the failure of the Answer to appear in the file; the recording of the date of a hearing in response to a subpoena duces tecum on the wrong day of a lawyer-witness's calendar, and his resulting absence at the hearing; the unavoidable absence of a lawyer who formerly represented appellant from a hearing on the motion to set aside the default; the losing of the court reporter's notes of a prior hearing, all of which resulted in a never to occur again situation. All of these events, however, happened after the above letter of March 8, 1963.

By affidavit, Mr. Cordova stated that because Appellant Evans was himself an attorney at law, although not admitted to practice in Arizona, but having practiced for many years in the State of Colorado, he did not inform Appellant Evans of the letter of March 8, 1963, because it was his belief that as soon as Mr. Shumway advised Mr. Evans of his intention to take default, Mr. Evans would immediately take such steps necessary to prevent such default.

Both the setting aside of a default and a judgment entered by default are governed by Rules 55(c) and 60(c), as amended,

Arizona Rules of Civil Procedure, 16 A.R.S. Rule 55(c) states as follows:

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(c)."

■ Our courts have ruled, in cases such as this, that the setting aside of both defaults or judgments entered by default are governed by the same rules, to-wit: It is requisite that the party asking for relief show (1) mistake, inadvertence, surprise or excusable neglect, and (2) a substantial and meritorious defense and of what it consists, under oath. Overson v. Martin, 90 Ariz. 9, 363 P.2d 604 (1961); Marsh v. Riskas, 73 Ariz. 7, 236 P.2d 746 (1951); Schering Corporation v. Cotlow, 94 Ariz. 365, 385 P.2d 234 (1963); Marquez v. Rapid Harvest Co., 1 Ariz.App. 138, 400 P.2d 345 (1965).

■ The general rule covering our present case is found in 49 C.J.S. Judgments, § 334d. (1947), wherein it is stated:

"A default which arises from reliance placed by a party or his counsel on assurances given him by the opposing party or counsel is excusable within the meaning of the law."

' Arizona is in accord with this rule. Mann v. Hennessey, 2 Ariz.App. 438, 409 P.2d 597 (1966); Bartholomew v. Ruffner, 35 Ariz. 12, 273 P. 986 (1929); See also Taranto v. Dick, 119 Cal.App. 161, 6 P.2d 334 (1931); Welborn v. Whitney, 179 Okl. 420, 65 P.2d 971 (1936); Waggoner v. Glacier Colony of Hutterites, 127 Mont. 140, 258 P.2d 1162 (1953).

■ Such reliance as set forth herein clearly constitutes good cause and surprise or excusable neglect.

A meritorious defense having been presented and there being no laches or unreasonable delay in the filing of the motions to set aside the default, as a matter of law and sound discretion, the default and judgment must be set aside and the matter heard on its merits. It is so ordered and this

cause is remanded for further proceedings not inconsistent herewith.

CAMERON, Acting C. J., and DONO-FRIO, J., concur.

NOTE: Chief Judge HENRY S. STEVENS having requested that he be relieved from the consideration of this matter, Superior Court Judge WARREN L. McCARTHY was called to sit in his stead and participate in the determination of this cause.