433 P.2d 998

William WALTER, Appellant,

v.

NORTHERN ARIZONA TITLE CO., an Arizona corporation, as Trustee, and Clarence S. Shaw and Nancy Lee Shaw, husband and wife, Appellees.

No. 1 CA–CIV 404.

Court of Appeals of Arizona.

Nov. 21, 1967.

Rehearing Denied Dec. 14, 1967.

Review Denied Jan. 23, 1968.

Otto H. Linsenmeyer and Frank E. Dickey, Jr., by Frank E. Dickey, Jr., Phoenix, for appellant.

Wilson, Compton & Stoops, by Daniel J. Stoops, Flagstaff, for appellees.

CAMERON, Chief Judge.

This is an appeal from a default and judgment quieting title to property in adverse possession for 10 years (§ 12–526 A.R.S.), and from the order denying the appellant's motion to set aside the default and judgment. The appellant has presented forty-one questions for review by this Court. We must agree, however, with the appellees that most are either repetitious or have little bearing upon the issues in this case. In order to clarify the issues in this case and at the same time to be concise, we are of the opinion that there are only three questions for review. These questions are:

1. Was there sufficient compliance with the Rules of Civil Procedure to give the trial court jurisdiction over the subject matter of the lawsuit?

2. Was the evidence presented at the hearing on the application for judgment after default sufficient to sustain the court's entry of judgment?

3. Was there a clear abuse of discretion on the part of the trial court when it failed to grant the appellant's motion to set aside default and judgment?

WAS THERE VALID SERVICE?

The complaint was filed and summons issued 13 February 1964. The summons in the file indicates it was received by the Sheriff of Coconino County on the same day, and by the Maricopa County Sheriff's Office on 21 February 1964. On 24 February the summons was returned unserved with the notation that the defendant William Walter had "moved to California".

On 25 March 1964 the attorney filed an affidavit which recited in part as follows:

"That the Defendant, WILLIAM WALTER, is a non-resident of the State of Arizona. His last known address being c/o Bill Walter's Indian Village, El Canino Real and San Antonio Road, Los Altos, California.

"That this Affidavit is made for the purpose of procuring constructive service of Summons on said Defendant."

This was followed on 31 March 1964 with the filing of the summons and the return receipt from the post office signed by "William Walter". The affidavit attached thereto read as follows:

"ORINN C. COMPTON, being first duly sworn, on oath states that he is one of the attorneys for Plaintiffs mentioned in the within summons; that he served said summons by depositing a copy thereof, together with a copy of the complaint filed in said cause, in the United States Post Office at Flagstaff, Coconino County, Arizona, by registered mail, postage prepaid, on the 25th day of March, 1964, directed to the Defendant, William Walter, at Los Altos, California; that the receipt attached hereto is the genuine receipt therefor, and that the registry return receipt attached hereto was received by this affiant on the 30th day of March, 1964."

 It is the contention of the appellant that the affidavit upon Return of Service did not follow the Rules of Civil Procedure, therefore, the trial court had no jurisdiction to grant judgment. The law is clear that a judgment is void if the court had no jurisdiction because of lack of proper service. Marquez v. Rapid Harvest Co., 99 Ariz. 363, 409 P.2d 285 (1965).

The Rules of Civil Procedure provide as follows:

"(a) Registered mail. When the whereabouts of a defendant outside the state is known, the serving party may deposit a copy of the summons and complaint in the post office, registering it with a return receipt requested. Upon return through the post office of the registry receipt, he shall file an affidavit with the court showing the circumstances warranting the utilization of the procedure authorized under Section 4(e) (1); and (a) that a copy of the summons and complaint was dispatched to the party being served; (b) that it was in fact received by the party as evidenced by the attached registry receipt; (c) that the genuine receipt thereof is attached; and (d) the date of the return thereof to the sender. This affidavit shall be prima facie evidence of personal service of the summons and complaint and service shall be deemed complete and time shall begin to run for the purposes of Section 4(e) (4) of this Rule thirty (30) days after the filing of the affidavit and receipt." Rule 4(e) (2) (a), Rules of Civil Procedure, 16 A.R.S.

And:

"4(e) (3) Summons: service by publication. Where by law personal service is not required, and a person is subject to service under Section 4(e) (1), such service may be made by either of the methods set forth in Section 4(e) (2) or by publication. * * *" Rule 4(e) (3), Rules of Civil Procedure, 16 A.R.S.

 The second affdiavit filed 31 March 1964 complied with the rules in all regards except that the second affidavit does not show "the circumstances warranting the utilization of the procedure" followed. The circumstances warranting the resort to the procedure were contained in a prior affidavit and is also apparent from return of non-service by the Sheriff's Office contained in the file. Our Supreme Court recently stated in regard to service by publication:

" * * * it is essential to the validity of service by publication that the record disclose the essential facts which the Rule requires, or service by publication is ineffective." Miller v. Corning Glass

Works, 102 Ariz. 326, 429 P.2d 438, 441 (1967).

Our Supreme Court has also stated:

> "It is not the *allegation* that the residence is unknown which confers jurisdiction upon service by publication but the *existence of the jurisdictional fact* that the residence is unknown." Preston v. Denkins, 94 Ariz. 214, 222, 382 P.2d 686, 691 (1963).

While generally a mandatory statute should be literally construed and strictly applied, Biaett v. Phoenix Title & Trust Co., 70 Ariz. 164, 217 P.2d 923, 22 A.L.R.2d 615 (1950), in the instant case the facts necessary to give the court jurisdiction were apparent from the file and the two affidavits, and nowhere does appellant dispute these facts. The situation might be different if the file did not reflect sufficient recitation of the facts necessary to confer jurisdiction, but here the file does reflect, and while we cannot recommend this procedure under the rule, we believe the court had jurisdiction to consider the matter.

## WAS THERE SUFFICIENT EVIDENCE FOR JUDGMENT AFTER DEFAULT?

Upon application of the appellees the default of the appellant was entered on 1 July 1964. The motion of the appellant to set aside default was denied by minute entry order on 20 April 1965. A hearing upon appellees' complaint was held 13 January 1966. Appellant was present by counsel though he took no part in the proceeding. The proceedings were taken down by a court reporter. Formal findings of facts, conclusions of law, and judgment were signed by the trial court on 15 February 1966.

█ Rule 54(d) of the Rules of Civil Procedure, 16 A.R.S. reads in part as follows:

> "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. * * *"

And our Supreme Court has stated:

> "After a motion to set aside entry of default has been denied it remains for the trial court to conduct hearings, when appropriate, to determine the amount of damages or to establish the truth of any averment, and to enter judgment upon the default." Rueda v. Galvez, 94 Ariz. 131, 132, 133, 382 P.2d 239, 240 (1963). But see Postal Ben. Ins. Co. v. Johnson, 64 Ariz. 25, 165 P.2d 173 (1946).

As the transcript indicates the trial court heard evidence and entered judgment regarding the adverse possession of the appellees and their predecessors pursuant to § 12–1101 et seq., A.R.S. Adverse possession is defined as follows:

> " 'Adverse possession' means an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another. * * *" § 12–521, subsec. A(1), A.R.S.

Under the facts presented in this case, it took ten years for adverse possession of the property in question to ripen title in the appellees. § 12–526 A.R.S. Our statute states:

> " 'Peaceful and adverse possession' need not be continued in the same person, but when held by different persons successively there must be a privity of estate between them." § 12–521, subsec. B, A.R.S.

The land which was the subject of the quiet title action was surrounded by a barbed wire fence, and the plaintiffs and their predecessors up to the time the action was brought continued to occupy and maintain the property up to and including the fence. No claim was made upon the property of the plaintiffs until the defendant built a fence across the plaintiffs' driveway which was a short time before this action was begun. The evidence was uncontradicted that the plaintiffs and/or their predecessors occupied the land for more than ten years as required by § 12–526 A.R.S. The record indicates that

the privity of estate existed between the plaintiffs and their predecessors from the time the adverse possession began in 1941 until the time the defendant made his claim on the property in 1964.

The acts necessary for adverse possession vary and depend upon the circumstances of each case. The fact that the possessor of the land does not realize that he is holding the property adversely or hostile to the interests of another person does not affect the application of the rule. The Arizona Supreme Court has stated:

> "In all cases the intention and not the mistake is the test by which the character of the possession is determined, it being prima facie sufficient that actual, visible, and exclusive possession is taken under a claim of right without reference to the fact that the possession was based on mistake." Higginbotham v. Kuehn, 102 Ariz. 37, 424 P.2d 165, 167 (1967). See also Rorebeck v. Christe, 1 Ariz. App. 1, 398 P.2d 678 (1965).

The record was sufficient to support a finding by the court that the plaintiffs and/or their predecessors did maintain the property up to the fence line, and that they intended and did hold the property to the exclusion of all others. The evidence was sufficient to justify the judgment quieting title to the property held by the plaintiffs.

The trial court, however, provided for attorney's fees and costs under the provision of § 12–1103 A.R.S., the court finding as a fact that the appellant had been served with a quit claim deed together with $5.00 as provided by said statute.

The appellant declined to comply with this request and appellees in their complaint asked attorney's fees in addition to judgment quieting title. We do not believe he may obtain attorney's fees and costs under the fact situation presented here. Traditionally, there are three generally recognized methods of service whereby a court may obtain service of the person and subject matter, mainly personal service, substituted service or constructive service—such as by mail or publication —and acceptance of service. Recently our courts in Arizona as well as the rest of the United States have tended to make indistinct the differences in the various types of jurisdiction the different modes of service will support. Laz v. Southwestern Land Co., 97 Ariz. 69, 397 P.2d 52 (1964), Bekins v. Huish, 1 Ariz.App. 258, 401 P.2d 743 (1965). Most of the recent cases in this field concern tort actions and are based upon the "minimum contracts theory". Phillips v. Anchor Hocking Glass Corp. 100 Ariz. 251, 413 P.2d 732 (1966). We feel that in the instant case the traditional distinctions between "in rem" and "in personam" jurisdiction apply, and that the court obtained only "in rem" jurisdiction and therefore did not have jurisdiction to award costs and attorney's fees. The answer might be different had defendant answered and defended, but he did not and may not therefore suffer a personal money judgment to be obtained against him.

## WAS THE APPELLANT'S MOTION TO SET ASIDE PROPERLY DENIED?

The final question raised on this appeal was whether or not the trial court erred in failing to grant the appellant's motion to set aside the default and judgment. The trial court in setting aside a default judgment is bound by Rule 60(c) of the Rules of Civil Procedure, 16 A.R.S., and that rule states:

> "On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other mistake of an adverse party; (4) the judgment is void; * * *. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more

than six months after the judgment, order or proceeding was entered or taken. * * * ."

In order for the court to set aside a judgment entered by default the moving party must show mistake, inadvertence, surprise or excusable neglect, and a substantial and meritorious defense. Evans v. C & B Development Corporation, 4 Ariz.App. 1, 417 P.2d 372 (1966). It is the appellant's contention that he has shown good cause as required by Rule 55 (c) in order to set aside the default judgment. The good cause relied upon was the neglect of the previous owner of the appellant's property to defend the quiet title action, which was the reason for the appellant's failure to answer the complaint. Also the existence of an alleged agreement between counsel for the appellees and appellant whereby counsel for the appellees was to give notice to counsel for the appellant before a default would be entered. As a general rule a default which arises from reliance placed by a party or his counsel on assurances given him by the opposing party or counsel is excusable and may be set aside. Evans v. C & B Development Corp., supra. Counsel for the appellees denied having made such an agreement, and there was no evidence presented the trial court by the appellant tending to establish such an agreement. Counsel for the appellant may not rely upon the failure of the predecessor in interest of the appellant's land to defend the action because at the time the action was brought, the appellant was the real party in interest, and it was incumbent upon him to defend the action. As indicated earlier the trial court obtained jurisdiction over appellant's land and entered judgment thereon, therefore, the appellant may not rely upon the invalidity of the judgment as a grounds for setting aside the default. We are of the opinion that the appellant has failed to allege a meritorious defense or show that the trial court clearly abused its discretion when it refused to set aside the default judgment.

The judgment is affirmed with the exception of that portion of the judgment awarding attorney's fees in the amount of $500.00 plus $40.00 costs which is reversed.

DONOFRIO and STEVENS, JJ., concur.