222 P.2d 982

**GHIZ v. MILLETT et ux.**

No. 5201.

Supreme Court of Arizona.

Oct. 16, 1950.

Judgment Amended on Rehearing Dec. 4, 1950.

See 71 Ariz. 161, 224 P.2d 650.

6

Brice I. Bishop, of Phoenix, for appellant.

Darrell R. Parker, of Phoenix, for appellees.

STANFORD, Justice.

Action was brought by the appellees in the court below for an alleged breach of a contract which had been entered into between the appellant and the appellees for the growing and marketing of a lettuce crop. Appellant thereupon filed a counterclaim for an amount allegedly due him as a result of his having advanced the appellees a sum of money prior to the determination of the profits to be realized from said venture. Before rendering judgment against the appellant, the court below made the following Findings of Fact, the cause having been tried without a jury:

"1. That plaintiffs are husband and wife, and residents of the County of Maricopa, State of Arizona, and owners of certain agricultural lands within said county and state; that at all times mentioned in the plaintiffs' complaint, the defendant was a resident of and engaged in business in said county and state as a produce shipper under the name and style of Paramount Produce Distributors.

"2. That on August 30, 1945, the plaintiff, A. T. Millett, and defendant, George Ghiz, made and entered into a written contract by the terms of which they agreed to engage jointly in the growing of a lettuce crop upon lands belonging to the plaintiff, which said lettuce was to be harvested, packed, sold, and shipped by defendant Ghiz; that the net proceeds of the venture were to be shared equally between the parties; that the said contract further provided as follows: '13. It is further agreed that all sales will be made f.o.b. shipping point at the best prices reasonably available in the open market unless otherwise mutually agreed.'

"3. That from and including April 15, 1946, through April 19, 1946, defendant shipped 3,286 packed crates of lettuce to eastern markets without having a sale therefor. That this operation is known as 'rolling' the lettuce which is the exact opposite of f.o.b. sale.

"4. That at the time of cutting, packing and shipping the lettuce mentioned in the preceding paragraph, defendant knew that the lettuce market had collapsed and there was no ready f.o.b. sale for it.

"5. That the net proceeds realized from lettuce 'rolled' was $955.31.

"6. That in the accounting made by the defendant there was charged against the expense of the joint operation $1.95 per crate for the 3,286 crates 'rolled'.

"7. That in connection with defendant's invoice # 810, a clerical error is present, the adjustment of which entitles plaintiffs to an additional credit, reducing the amount of defendant's counterclaim to $478.59.

"8. That upon the assumption that the plaintiffs were improperly charged with one-half of the cost of cutting, packing and shipping the lettuce which was 'rolled', and after deducting any credit for any part of the proceeds realized from this lettuce, and after deducting the amount of defendant's counterclaim as adjusted, there is a net balance in favor of plaintiffs in the amount of $2,247.60.

"9. That no part of the said sum has been paid."

Appropriate conclusions of law were made following these findings of fact and judgment entered.

From this judgment, an appeal was taken to this court.

Assignments of error briefly were these: First: that the lower court erred in making its Findings of Fact Nos. 3 and 4, in that a substantial portion of the crates which were "rolled" on or after April 15, 1946, had in fact been cut and packed at a time prior to the 15th of April and at a time when the appellant knew nothing of the collapse of the lettuce market; Second: that the lower court erred in making its Finding of Fact No. 8, in that one-half of the cost of cutting and packing the above mentioned lettuce which was "rolled" had been properly charged against the appellees under the contract; Third: that the lower court erred in making its Conclusion of Law No. 3, in that there was no proof that the appellees were damaged in the sum of $2,247.60, or any amount as a direct and proximate result of appellant's breach of the provisions of Paragraph 13 of the contract; Fourth: that the court erred in concluding that the appellees were entitled to recover the sum of $2,247.60, in that there was no evidence that the appellant's breach of the provisions of Paragraph 13 of the contract caused damages to the plaintiff as a direct and proximate result of the said breach.

■ With reference to appellant's first assignment of error, we think that it is well taken in part. The trial court did err in its Finding of Fact No. 4, in that the testimony and evidence show that a substantial portion of the 3,286 crates which were "rolled", were harvested and packed on the 11th of April, at a time when the appellant had no knowledge of the collapse of the lettuce market. According to testimony, there were 6,972 "field" crates of lettuce that were harvested on the 11th of April, and according to the undisputed testimony of the appellant, there was an average of three "field" crates used in the packing of one "packed" crate. Accordingly then, 2,324 of the total number of packed crates which were "rolled", were harvested and packed on the 11th of April, at a time prior to the appellant's knowledge of the collapse of the lettuce market. Therefore, appellant's first assignment of error, regarding Finding of Fact No. 4, is well taken.

The appellant's first assignment of error is unfounded with respect to the lower

court's Finding of Fact No. 3, as the evidence undisputedly shows that there were 3,286 crates of lettuce which were "rolled", in contravention of the agreement, regardless of when they were packed.

■ The second assignment of error by the appellant is without merit, for it alleges that one-half of the costs of harvesting and packing the lettuce in question, had been properly charged against the appellees. The appellees should not have been charged with the cost of harvesting and packing any lettuce which had been harvested and packed by the appellant after he knew of the collapse of the lettuce market, as explained below. The testimony shows that appellant had knowledge of the collapse of the market some time between April 12, 1946 and April 15, 1946. This exact date is not shown, but it is undisputed that appellant knew of the collapse prior to the harvesting and packing which was done during the period between the 15th of April and the 19th of April. Evidence definitely shows that there were 962 crates of lettuce which were harvested and packed during this period. This harvesting and packing was done by the appellant at a time when he knew, or reasonably should have known that he would be unable to carry out the terms of the contract.

The third assignment of error by the appellant cannot be sustained, for the reason that it carries with it an allegation that the court erred in ruling that the appellees had been damaged as a direct and proximate result of appellant's breach of paragraph 13, of the agreement, also alleging that there had been no damage at all suffered by the appellees as a direct and proximate result of appellant's violation of paragraph 13 of the agreement.

The law concerning the duties of such business associates to each other in the furtherance of the business is well settled. It is undisputed that the appellant and appellees were joint adventurers in this business transaction, and in the case of Walls v. Gribble, 168 Ore. 542, 548, 124 P.2d 713, 714, concerning a similar matter, the court said: "Since these parties were joint adventurers * * * the same rules apply to them as would apply had their relations been that of a partnership. As a consequence of such joint adventure, in all their dealings with each other in respect to the common property, the parties were bound to exercise the highest degree of good faith. * * * Where one of such parties has been guilty of misconduct, it is the duty of the court at the suit of the injured party to enforce the contract in accordance with the well-settled principles of equity jurisprudence."

■ In 30 Am.Jur., Joint Adventurers, sec. 34, the following rule is laid down: "The relationship between joint adventurers, like that existing between partners, is fiduciary in character and imposes upon all the participants the obligation of loyalty to the joint concern, and of the utmost good faith, fairness, and honesty in their

dealings with each other with respect to matters pertaining to the enterprise. This is especially true of those to whom the conduct of the transaction, or the property therein is intrusted."

The actions of the appellant, from the 15th of April, through the 19th of April, in directing that lettuce be harvested and packed, and incurring considerable expense for the same, during which time he knew, or reasonably should have known that it would be impossible for him to comply with the stipulated and undisputed terms of the agreement (that there were to be no shipments made without an f. o. b. sale therefor), could hardly be said to embody good faith and fairness. They were apparently entered into with the object in mind of breaching the terms of the contract at the time when he would "roll" the lettuce without an f. o. b. sale therefor, which he ultimately did. There was shown to be no consent on the part of appellees to these later shipments. Appellant's behavior here directly involved himself in a situation which the appellees specifically contracted to avoid. It is the damage resulting from this display of bad faith and misconduct for which the appellees now seek redress. The money expended in the useless harvesting and packing of the lettuce in question, was not merely spent with a possibility in mind that the agreement might be breached, but was apparently expended in preparation for the breach which ultimately followed. Redress for damages suffered as a result of such misconduct could hardly be denied

through an argument that the damage was not a direct and proximate result of the breach of a specific portion of the agreement, as appellant contends.

In the case of Sanders v. Newman, 174 Wis. 321, 181 N.W. 822, the court laid down the well established rule that parties who enter into a joint adventure, "engage in a common enterprise for their mutual benefit, and have a right to demand and expect from their associates good faith in all that relates to their common interests." We think that where, as in the present case, a joint adventure involves a number of chronological operations, all of which are necessary in completing the venture, that duty to use good faith is breached when one party, without the consent of the other, continues to incur expenses for one operation, when he knows, or reasonably should know that the completion of a later operation is impossible. The testimony here unquestionably shows that appellant acted without the consent of the appellees in the harvesting and packing operations carried on from the 15th of April through the 19th of April.

Argument of appellant's fourth assignment of error is obviously unnecessary in light of the foregoing.

The evidence here undisputedly shows that the appellant properly harvested and packed 2,324 crates of lettuce in good faith and in the regular conduct of the business on the 11th day of April, 1946; that the appellant improperly, and in contravention of

the intent of the parties, as evidenced by the agreement and transaction of business prior thereto, harvested and packed 962 crates of lettuce during the period from the 15th day of April, 1946 to the 19th day of April, 1946; that as a result of the harvesting and packing of the aforementioned lettuce between April 15, and April 19, the appellees were wrongfully charged with one-half of the expenses thereof, amounting to $937.95; that appellant has a valid claim against appellees in the sum of $478.59.

The trial court properly found in favor of appellees, but as we have pointed out, the judgment as entered was for an excessive amount.

The case is remanded with directions that the lower court enter judgment for appellees in the sum of $459.36.

Judgment affirmed as modified.

LA PRADE, C. J., and UDALL, PHELPS and DE CONCINI, JJ., concur.