487 P.2d 756

**Danita ROCHE and Frank E. Roche, her husband, Appellants,**

**v.**

**GOLDEN SKY LANDS, INC., an Arizona corporation, Appellee.**

**No. 10321.**

Supreme Court of Arizona, In Division.

July 29, 1971.

Roush, Mori, Feinstein & Welch by George Welch, Jr., Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by David L. Haga, and John H. Lyons, Phoenix, for appellee.

LOCKWOOD, Justice:

Plaintiff appellee Golden Sky Lands, Inc., hereafter referred to as corporation, filed a

complaint on January 20, 1965 against Danita Roche and others seeking damages and rescission of the purchase contract of six parcels of land. The original complaint was later amended to an action for damages only against Danita and Frank E. Roche, her husband. Following a trial the jury returned its verdict in favor of the corporation and against both defendants for $20,000.00. The court overruled the motion for judgment notwithstanding the verdict and the motion for new trial and defendants duly appealed such judgment on the verdict.

Articles of incorporation of the corporation were filed on May 13, 1959 at a time when considerable land speculation was taking place in the Phoenix area and after some of the incorporators had contracted to purchase two of the six parcels involved in this suit. The incorporators were George Malone, Ted Sepiora, Rudolph Roche and the defendants. The major purpose of the corporation appears to be as a vehicle to provide joint ownership of real estate acquired by selected investors who jointly purchased recommended property in the name of the corporation. With the exception of defendants all other officers of the corporation were at the time residents of the Chicago, Illinois area and close friends or relatives. Defendant Danita Roche was a licensed real estate agent as well as the sister-in-law of Roche. Under the corporation bylaws, as a director and officer as well as the local representative of the group she was given discretion to select the properties to be purchased by the investors on behalf of the corporation. The ultimate decision to purchase and the extent of participation was made by the individual investors and then duly adopted by corporate resolution, and the legal title later vested in the corporation. The interest in this closed corporation was the extent of the monetary contribution of the respective shareholders on each parcel purchased by or for the corporation. Six parcels were so purchased and the evidence is clear that through various means the defendant obtained in excess of twenty thousand dollars in secret profits.

Defendants seek reversal of the lower court by raising the following questions for review:

I

"Could appellee [corporation] actually have sustained any damage by virtue of the transactions complained of or were the individual investors the real parties in interest, using the corporate name only as a fiction?

II

"Were the subject transactions such that involved appellants as within a fiduciary relationship with appellee [corporation] and thus shift the burden of proof to appellants to show the fairness thereof?

III

"Does evidence of record show any damage at all to the appellee [corporation] by reason of the subject transactions in support of the judgment?

IV

"Did the court err in giving appellee's requested instructions Nos. 13 and 17 on the subjects of 'promoters' and 'estoppel?' "

Defendants in their brief state they do not question the legal existence of the corporation. The land was purchased and transferred to the corporation under the provisions of the Articles of Incorporation and bylaws. Defendants assisted in preparing same. As between the defendants and the corporation a binding contractual relationship existed. Orme v. Salt River Valley Users Ass'n, 25 Ariz. 324, 217 P. 935. The inflated price paid by the shareholder investor was passed on to the corporation. As an example the evidence presented was that parcel number six was purchased by a Samuel E. Moore on January 15, 1960 for $25,600. On the same day five of the shareholders purchased the property from "Moore" on behalf of the corporation for $35,200 and their interest in the cor-

**337**

poration increased by that amount. Defendant Frank E. Roche admitted using the name Samuel E. Moore and making a profit of $9,600 on the transaction.

In view of such evidence, it would appear that a fiduciary relationship did exist which shifted the burden of proof upon the defendants to show the fairness of any transaction. As officers of the corporation there was a duty to make a full disclosure of any interest defendants had in the property they recommended and their failure to do so raises the question of bad faith. The burden of proving that the transaction was fair to the corporation and its shareholders as well as liability for secret profits, damages or rescission rests on one who breaches that duty. Tovrea Land and Cattle Co. v. Linsenmeyer, 100 Ariz. 107, 412 P.2d 47; Alger v. Brighter Days Mining Corp., 63 Ariz. 135, 160 P.2d 346. In her capacity as a real estate agent Danita Roche was obligated to disclose her interest. If we were to determine that at one point the parties were engaged in a joint venture or other form of agency relationship, because of the trust placed in the defendant, the law would impose a duty on them to act honestly and in good faith. L. M. White Contracting Co. v. Tucson Rock and Sand Company, 11 Ariz.App. 540, 466 P.2d 413; Ghiz v. Millett, 71 Ariz. 4, 222 P.2d 982. As stated in Paul v. North, 191 Kan. 163, 380 P.2d 421:

> "Fiduciary relationships recognized and enforceable in equity do not depend upon nomenclature; nor are they necessarily the product of any particular legal relationship * * * but they necessarily spring from an attitude of trust and confidence and are based upon some form of agreement, either expressed or implied, from which it can be said the minds have met in a manner to create mutual obligations." [citations omitted.]

We agree and the court properly charged the jury that the defendants were not under a duty to sell the property to the corporation. When they did so and represented that they would benefit only as shareholders then they cannot complain if the law requires them to fulfill that promise.

Defendant next questions whether the evidence shows any damage at all to the corporation by reason of the transactions which would support the verdict. They contend that there was no showing that the corporation paid more than the fair market value for the land and that it may have appreciated since the purchase. The fair market value was not involved. Defendant Danita was to purchase property or to submit a proposal for purchase, at the best price she could obtain from seller and not charge a commission to the corporation or its shareholders until or unless she resold the property on behalf of the corporation. Danita encouraged them to increase their investment with statements such as "You just cannot go wrong on land buys in Arizona provided you buy at the right price, and you can bet that I will get the right price." The jury did not have to speculate as to the proper measure of damages. Their verdict was supported by the evidence of actual purchase price and secret profit made by defendants. Alger v. Brighter Days Mining Corp., supra; 19 C.J.S. Corporations § 777b page 146.

Defendants' final contention that the court's instructions on the subjects of "promoters" and estoppel" were confusing and prejudicial is without merit. The instructions complained of covered the very issues which defendants have raised in the first question in this appeal and with the same breath deny that they are raising—namely was the corporation a "fiction", or a bare shell and was the evidence such that the person estopped gained some benefit directly from the corporation, and thereafter sought to avoid his obligation to the corporation by denying its existence? The instructions as a whole adequately informed the jury of the law as supported by the evidence and we find there was no prejudicial error to the defendant.

Judgment affirmed.

STRUCKMEYER, C. J., and CAMERON, J., concur.