In re: LARRY'S APARTMENT,
L.L.C., Debtor,

Michael A. Galam, Appellant,

v.

Michael W. Carmel, Chapter 11 Trustee
for the Bankruptcy Estate of Larry's
Apartment, L.L.C.; ND Duco Corpora-
tion, a Nevada corporation; Larry
Jarnagin, husband; Linda Jarnagin,
wife, Appellees.

No. 99–17112.

D.C. Nos. CV–98–01272–RGS, CV–98–
01339–RGS, CV–98–01614–RGS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 14, 2001.

Decided April 2, 2001.

Before SNEED, FERNANDEZ, and
KLEINFELD, Circuit Judges.

MEMORANDUM *

Michael A. Galam appeals the district court's order which affirmed the bankruptcy court's order imposing a constructive trust against him. The order in favor of the estate was obtained by N.D. Duco Corporation, Larry Jarnigan and Linda Jarnigan (collectively NDDC) and Michael W. Carmel, trustee for the bankruptcy estate of Larry's Apartment, L.L.C. (the Debtor). Galam asserts that the order was improper. We affirm.

█ (1) Galam maintains that the bankruptcy court erred when it permitted NDDC to participate in the adversary proceeding. We disagree.

It is true that the general rule is that only the bankruptcy trustee can initiate and pursue bankruptcy adversary proceedings on behalf of the estate. 11 U.S.C.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 323; *see also Tilley v. Vucurevich (In re Pecan Groves of Ariz.),* 951 F.2d 242, 244–45 (9th Cir.1991). However, that is far from saying that the bankruptcy court could not grant NDDC permission to participate in the adversary proceeding on a limited basis, which greatly benefitted the estate. The Trustee was left in full control; the court did not err. In any event, the parties do not dispute that the Trustee could pursue the matter; Galam has no basis to complain that NDDC helped the estate to recover what it was due.

■ (2) Galam next contends that the bankruptcy court erred when it imposed a constructive trust over a parking lot for the benefit of the estate. Again, we disagree. The facts show that Galam's interest in, authority over, management of, and access to the Debtor's business made him a fiduciary. *See Standard Chartered PLC v. Price Waterhouse,* 190 Ariz. 6, 24, 945 P.2d 317, 335 (Ct.App.1997); *see also Roche v. Golden Sky Lands, Inc.,* 107 Ariz. 335, 336, 487 P.2d 756, 758 (Sup.Ct.1971); *Hurst v. Hurst,* 1 Ariz.App. 603, 607, 405 P.2d 913, 917 (1965). Galam breached his duty when he purchased the parking lot which was important to the conduct of the Debtor's business. *Tovrea Land & Cattle Co. v. Linsenmeyer,* 100 Ariz. 107, 123, 412 P.2d 47, 58 (Sup.Ct.1966) (en banc). It is no defense that an entity did not have the financial ability to purchase the property itself where the fiduciary's mismanagement and misappropriation of corporate assets caused it to be insolvent. *See Aqua–Culture Techs., Ltd. v. Holly,* 677 So.2d 171, 183 (Miss.1996). Galam does not dispute this principle; it applies here. Under the circumstances, it was appropriate for the bankruptcy court to impose a constructive trust over the parking lot in favor of the estate. *Raestle v. Whitson,* 119 Ariz. 524, 528, 582 P.2d 170, 174 (Sup. Ct.1978) (in banc); *Pioneer Annuity Life Ins. Co. by Childers v. Nat'l Equity Life Ins. Co.,* 159 Ariz. 148, 153, 765 P.2d 550, 555 (Ct.App.1988).

(3) Galam also takes issue with the bankruptcy court's decision that he was not entitled to be reimbursed for his investment in the parking lot. The parties agree that, in general, when a fiduciary breaches his fiduciary duty by usurping a corporate opportunity, and the court imposes a constructive trust, the corporate officer is entitled to be reimbursed for his cost. *Gordon Car & Truck Rental, Inc. v. Gordon (In re Gordon Car & Truck Rental, Inc.),* 65 B.R. 371, 375 (Bankr.N.D.N.Y. 1986). However, the bankruptcy court held that the estate was not required to reimburse Galam for the cost of the parking lot because Galam had misappropriated assets from the estate in excess of the cost of the parking lot.

AFFIRMED.