IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

IN RE:
SKY HARBOR HOTEL PROPERTIES, LLC,
*Debtor.*

SKY HARBOR HOTEL PROPERTIES, LLC,
*Plaintiff,*

*v.*

PATEL PROPERTIES, LLC,
*Defendant.*

IN RE:
SWIFT AIR, LLC,
*Reorganized Debtor,*

MORRISANDERSON & ASSOCIATES, LTD., LITIGATION TRUSTEE FOR THE
REORGANIZED DEBTOR,
*Plaintiff,*

*v.*

REDEYE II, LLC, ET AL.,
*Defendants.*

Nos. CV-19-0033-CQ; CV-19-0034-CQ
Filed June 25, 2019

Certified Questions from the
United States Bankruptcy Court for the District of Arizona
Nos. 2:17-bk-08082-PS; 2:12-bk-14362-DPC
**QUESTIONS ANSWERED**

COUNSEL:

John R. Clemency (argued), Lindsi M. Weber, Maria F. Hubbard, Polsinelli
PC, Phoenix, Attorneys for Sky Harbor Hotel Properties, LLC

Paul M. Levine (argued), Paul M. Levine, P.C., Scottsdale, Attorneys for Patel Properties, LLC

Dale C. Schian (argued), Scott R. Goldberg, Schian Walker, P.L.C., Phoenix; Kim. R. Maerowitz, The Maerowitz Law Firm, Scottsdale, Counsel for MorrisAnderson & Associates, Ltd. Litigation Trustee

Thomas J. Salerno, Alisa C. Lacey, Christopher C. Simpson, Anthony P. Cali (argued), Stinson Leonard Street LLP, Phoenix, Attorneys for Redeye II, LLC, et al.

_____

CHIEF JUSTICE BALES authored the opinion of the Court, in which VICE CHIEF JUSTICE BRUTINEL and JUSTICES TIMMER, BOLICK, GOULD, LOPEZ and PELANDER (RETIRED) joined.

_____

CHIEF JUSTICE BALES, opinion of the Court:

¶1        These consolidated cases involve alleged breaches of fiduciary duties.  To address these claims, the United States Bankruptcy Court for the District of Arizona certified the following questions to this Court:

1. Does a manager of an Arizona limited liability company ("LLC") owe common law fiduciary duties to the company?

2. Does a member of an Arizona LLC owe common law fiduciary duties to the company?

3. Can an Arizona LLC's operating agreement lawfully limit or eliminate those fiduciary duties?

¶2        We answer the first question in the affirmative.  We answer the second question in the affirmative, provided that the member is an agent of the LLC.  We answer the third question in the affirmative but note that the operating agreement may not eliminate the implied contractual duty of good faith and fair dealing.

**I.**

**A.**

¶3        Arizona enacted its first limited liability company act ("LLC Act") in 1992.  *See* 1992 Sess. Laws 395 (2d Reg. Sess.).  The statutory scheme

is codified at A.R.S. § 29-601 et seq. Last year, Arizona's legislature enacted a new Arizona Limited Liability Company Act ("ALLCA") to eventually replace the LLC Act. *See* 2018 Ariz. Sess. Laws 833 (2d Reg. Sess.) (to be codified at A.R.S. § 29-3101 et seq.). ALLCA will first apply only to LLCs formed on or after September 1, 2019, but will apply to all LLCs starting September 1, 2020. *Id.* Thus, to address the certified questions, we analyze only the LLC Act.

¶4 The LLC Act does not expressly impose any fiduciary duties on members or managers. *See generally* Scott DeWald, James Reynolds & Matthew Engle, *Fiduciary Duties and Indemnification*, Ariz. Att'y, Mar. 2019, at 18-19 (contrasting the LLC Act with ALLCA, which recognizes fiduciary duties). By statute, however, "the law of agency" applies to the entire LLC Act. *See* A.R.S. § 29-854(B). We thus apply common law agency principles to answer the certified questions.

¶5 Arizona case law has not addressed these issues directly. This Court has observed that "unlike both corporations and partnerships, LLC members do not owe each other fiduciary duties unless they are expressly included in the LLC operating agreement." *Butler Law Firm, PLC v. Higgins*, 243 Ariz. 456, 462 ¶ 23 (2018). As support for this proposition, *Butler* cited *TM2008 Investments, Inc. v. Procon Capital Corp.*, 234 Ariz. 421, 424-25 ¶ 15 (App. 2014), which declined to "mechanically apply fiduciary duty principles from the law of closely-held corporations or partnerships to a limited liability company created under Arizona law." *TM2008 Investments* involved an action for breach of fiduciary duty filed by one member of an LLC against another, and the court of appeals found that the operating agreement itself established certain duties. *Id.* at 422 ¶ 1, 425-26 ¶¶ 16-17. *Butler* concerned whether an LLC is an "other corporation" for purposes of Arizona's venue statute. 243 Ariz. at 459 ¶ 6. Neither case considered whether, based on the common law of agency, managers or members owe fiduciary duties to the LLC.

¶6 "Absent controlling authority to the contrary, we generally follow the Restatement when it sets forth sound legal policy." *CSA 13-101 Loop, LLC v. Loop 101, LLC,* 236 Ariz. 410, 414 ¶ 18 (2014). Under traditional agency rules, agency is the "fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." Restatement (Second) of Agency § 1 (Am. Law. Inst. 1958). The agent is the

one who acts on behalf of another, the principal. *Id.* Agents are characterized by their "power to alter the legal relation between the principal and third persons and between the principal and" themselves. *Id.* § 12. Importantly, "[a]n agent is a fiduciary with respect to matters within the scope of his agency." *Id.* § 13.

¶7 We have characterized a fiduciary duty as imposing "the obligation of loyalty," *Ghiz v. Millett*, 71 Ariz. 4, 8 (1950), "the obligation of the utmost good faith in their dealings," *DeSantis v. Dixon*, 72 Ariz. 345, 350 (1951), and "requiring a high degree of care," *Master Records, Inc. v. Backman*, 133 Ariz. 494, 497 (1982) (quotations omitted). Thus, the nature of the fiduciary relationship for agents includes a duty of loyalty, a duty of good faith, and a duty of care. Partnerships, joint ventures, and corporations are all owed fiduciary duties by those empowered to act on behalf of such businesses. *See DeSantis*, 72 Ariz. at 350 (describing the fiduciary nature of duties owed by partners to a partnership); *Ghiz*, 71 Ariz. at 8-9 (describing the fiduciary nature of those involved in a joint venture); *Monterey Water Co. v. Voorhees*, 45 Ariz. 338, 347 (1935) (describing the fiduciary duties owed by officers to a corporation).

**B.**

¶8 By default, the members of an LLC are agents of the LLC "for the purpose of carrying on its business in the usual way." A.R.S. § 29-654(A)(1). However, if an LLC's management is vested in one or more managers, members are not automatically agents "solely by reason of being a member except to the extent that authority has been delegated to the member by" the manager or the operating agreement. § 29-654(B)(1). If management is vested in one or more managers, by law they are deemed agents of the LLC "for the purpose of carrying on its business in the usual way." § 29-654(B)(2). Thus, if an LLC is managed by one or more managers, such managers are agents, and under § 29-854 and agency law, they would owe common law fiduciary duties to the LLC.

¶9 The answer to the second question depends on whether management has been vested in one or more managers. If not, then all members are deemed agents of the LLC and thus would owe common law fiduciary duties to the LLC. If, however, the LLC is managed by one or more managers, members are considered its agents to the extent they have been delegated authority by the managers or the operating agreement

under § 29-654(B)(1).  Thus, a member owes common law fiduciary duties to the LLC if the member acts as an agent of the LLC.

**C.**

**¶10**      Although the common law recognizes that an LLC's managers or members, when acting as agents of the LLC, owe fiduciary duties to the company, these duties may be lawfully limited by a valid operating agreement.

**¶11**      The LLC Act provides for an operating agreement to govern relationships between members and managers and between managers, members, and the LLC itself.  *See* A.R.S. § 29-682(B).  The agreement "may contain any provision that is not contrary to law and that relates to . . . the rights, duties or powers of its members, managers, officers, employees or agents."  *Id.*  However, an LLC is not required to adopt an operating agreement.  § 29-682(A) (stating that an LLC "may" adopt an agreement).  Neither the LLC Act nor any other applicable law broadly prohibits an operating agreement from altering or limiting fiduciary duties that otherwise would be owed to the LLC by its managers or members.

**¶12**      The defendants in both certified cases concede that, regardless of their arguments relating to common law fiduciary duties, the implied covenant of good faith and fair dealing cannot be eliminated by an operating agreement.  Based on public policy and case law, this is a well-supported concession. *See Rawlings v. Apodaca*, 151 Ariz. 149, 163 (1986) ("A covenant of good faith and fair dealing is implied in every contract . . . .The covenant . . . may be breached even though the express covenants of the contract are fully performed").

**¶13**      Thus, we answer the third question in the affirmative.  Under the LLC Act, an operating agreement may lawfully limit or eliminate common law fiduciary duties owed to the LLC by its members or managers, although it may not erase the covenant of good faith and fair dealing implied in every contract.  We have no occasion here to address whether the provisions of any particular operating agreement are contrary to law in this respect or otherwise.

**II.**

**¶14**     For the reasons noted, the LLC Act imposes common law fiduciary duties on managers and members serving as agents of the LLC. The LLC Act permits an LLC to limit or eliminate such common law duties through an operating agreement, except for the implied covenant of good faith and fair dealing.