NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

KRISTI LATTIN,
*Plaintiff/Appellant*,

v.

SHAMROCK MATERIALS LLC, et al.,
*Defendants/Appellees*.

No. 1 CA-CV 19-0761
FILED 10-20-2020

Appeal from the Superior Court in Maricopa County
No. CV2017-011398
The Honorable James D. Smith, Judge

**AFFIRMED**

COUNSEL

Brier, Irish, Hubbard & Erhart, PLC, Phoenix
By Teresa H. Foster
*Counsel for Plaintiff/Appellant*

Sacks Tierney, PA, Scottsdale
By Patrick J. VanZanen, Michael L. Kitchen
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge D. Steven Williams joined.

---

**W E I N Z W E I G**, Judge:

¶1        Plaintiff Kristi Lattin appeals the superior court's denial of her motions to amend and entry of judgment on the pleadings for defendants Diana Gignac ("Diana"), David Gignac ("David") and Shamrock Materials, LLC ("Shamrock") (collectively, the "Defendants"). Because Lattin shows no error, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Lattin, Diana and Carol Lee Ortega-McCann ("McCann") formed Shamrock in July 2005, filing articles of organization with the Arizona Corporation Commission. Shortly thereafter, the articles were amended to remove Lattin's name as a member, which she had requested because her husband worked in the same industry. Diana, McCann and Lattin then entered a Profit Participation Agreement ("Agreement"), which explained that (1) Diana and McCann each owned 50 percent of Shamrock, and (2) Lattin was entitled to a one-third interest in the net profits of Shamrock. The Agreement also provided Lattin an option to acquire a "one-third (1/3) Membership Interest" in Shamrock if exercised within ten years of the Agreement.

¶3        McCann resigned her membership in 2008 and withdrew from the Agreement. The Agreement was amended ("Amendment") to reflect Diana as the sole member and increase Lattin's share of net profits to 50 percent while recognizing "the terms and provisions of the [Agreement] shall continue in full force."

¶4        Although not a member, Lattin answered thirteen "capital calls" for Shamrock between 2005 and 2010, contributing $162,000, which Shamrock classified as equity, then debt, and again as equity. The funds are currently held in Lattin's capital account with Shamrock.

¶5        Lattin timely exercised her option to acquire a membership interest in Shamrock under the Agreement. Diana first declined the option but then granted Lattin a one-third membership interest in Shamrock.

2

Lattin claimed she was entitled, however, to a one-half membership interest under the Agreement and Amendment, when read together.

**¶6**   Lattin sued the Defendants in August 2017 for breach of contract, unjust enrichment and conversion.[1]  The Defendants answered and moved for judgment on the pleadings, arguing that Lattin was only entitled to a one-third membership interest in Shamrock.  After briefing, the court granted the Defendants' motion, finding "that [Lattin] had an option to convert her profit participation interest for the 33.33% membership interest in [Shamrock], as opposed to a 50% membership interest."

**¶7**   The Defendants twice moved for summary judgment on all counts.  The court denied the first motion in March 2018, except to reassert Lattin's ownership interest for tax purposes, finding disputed facts over "whether Defendant Shamrock Materials, LLC generated net profits during the time [Lattin] held a Participation Interest."  The court granted the second motion in May 2019, dismissing all claims except whether Shamrock circumvented a cap on interest repayments for member loans under the Agreement.

**¶8**   On the eve of trial, Lattin filed two motions to amend her complaint.  Her first motion—filed only 20 days before trial—proposed to add a new breach of fiduciary duty claim, relying on the Arizona Supreme Court's just-issued opinion in *In re Sky Harbor Hotel Properties, LLC*, 246 Ariz. 531 (2019), which Lattin described as holding that "members owe a fiduciary duty to each other."  Lattin wanted to allege the Defendants breached this duty when they failed to disclose she was only a minority member.  Her second motion—filed two days later—proposed to alter Lattin's unjust enrichment theory to focus on her capital contributions to Shamrock because she held no equity interest in the business.  To justify the last-minute motion in late June 2019, Lattin relied on the superior court's minute entry from March 2018 as reflecting that Lattin had made unnecessary capital contributions. The superior court denied both motions to amend. Lattin timely appealed. We have jurisdiction. A.R.S. § 12-120.21.

## DISCUSSION

### A. Motions To Amend

**¶9**   We review the denial of a motion to amend for an abuse of discretion. *Timmons v. Ross Dress For Less, Inc.*, 234 Ariz. 569, 572, ¶ 17 (App.

---

[1]   Lattin asserted but voluntarily dismissed a declaratory judgment claim and challenge to corporate record practices under A.R.S. § 29-607.

2014). "A motion for leave to amend a pleading is addressed to the sound discretion of the trial court, and we will not overturn the trial court's decision on appeal absent a clear abuse of that discretion." *In re Torstenson's Estate*, 125 Ariz. 373, 376 (App. 1980).

**¶10** Motions to amend should be freely granted, Ariz. R. Civ. P. 15(a)(2), unless a court finds specific cause to deny the amendment, including "undue delay in the request, bad faith, undue prejudice, or futility in the amendment," *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R.*, 231 Ariz. 517, 519, ¶ 4 (App. 2013) (citation omitted). The superior court has discretion to deny a motion to amend for these reasons and when "[n]othing in the record indicates any compelling reason for the delay." *Torstenson's Estate*, 125 Ariz. at 377.

**¶11** Lattin argues the superior court abused its discretion by denying her motions to amend the complaint on the eve of trial. Lattin has shown no error. First, although courts should freely grant motions to amend in the interests of justice, an eleventh-hour request tends to cause substantial prejudice to other parties, which is a "critical factor" in "determining whether an amendment should be granted." *Owen v. Superior Court (Moroney)*, 133 Ariz. 75, 79 (1982).

**¶12** Both of Lattin's motions were filed less than three weeks before trial, after disclosure and discovery had closed and final trial preparation was underway. Lattin's first motion to amend sought permission to add a count for breach of fiduciary duty, a new basis of liability. Her second motion to amend sought permission to alter her unjust enrichment theory, claiming that Shamrock was unjustly enriched by Lattin's capital contributions rather than her inadequate "share in the profits and losses."

**¶13** Lattin insists that the Defendants would not have been prejudiced, but she overlooks the facts and procedural posture. Lattin asked for permission to change the playing field just before trial, adding a new breach of fiduciary duty claim and altering an existing unjust enrichment claim. The dispositive motion deadline had passed and discovery had closed. The superior court was well within its discretion to deny leave to amend under these circumstances. *See, e.g., Citizens Utils. Co. v. New W. Homes, Inc.*, 174 Ariz. 223, 228 (App. 1992) (no abuse of discretion in denial of post-summary judgment motion to amend); *Carranza v. Madrigal*, 237 Ariz. 512, 515, ¶ 13 (2015) (court properly exercised its discretion to decline late proposed amendment that "raises new issues

requiring preparation for factual discovery which would not otherwise have been necessitated nor expected").

¶14        Nor are we persuaded by Lattin's reasons for her belated amendments.  Lattin contends she moved to amend the unjust enrichment claim in June 2019 based on the superior court's March 2018 denial of the Defendants' first motion for summary judgment, but never explains why she waited more than 15 months.  The superior court may deny a motion to amend when, as here, "[n]othing in the record indicates any compelling reason for the delay."  *Torstenson's Estate*, 125 Ariz. at 377.

¶15        For her breach of fiduciary duty claim, Lattin points to *Sky Harbor*.  She misunderstands that decision.  There, the supreme court determined whether LLC members owe a common law fiduciary duty *to the LLC*, not whether the LLC members owe fiduciary duties *to each other*.  246 Ariz. at 532, ¶ 1.  Moreover, *Sky Harbor* relies on case law that "LLC members do not owe each other fiduciary duties unless they are expressly included in the LLC operating agreement."  *Id.* at 533, ¶ 5 (quoting *Butler Law Firm, PLC v. Higgins*, 243 Ariz. 456, 462, ¶ 23 (2018)).  As such, Lattin had no claim for breach of fiduciary duty against Diana.  *Yes on Prop 200 v. Napolitano*, 215 Ariz. 458, 471, ¶ 40 (App. 2007) (leave to amend may be denied on futility ground).

### B.        Judgment on the Pleadings

¶16        Lattin also challenges the superior court's entry of judgment on the pleadings for the Defendants, which resolved a question of contract interpretation.  "A motion for judgment on the pleadings pursuant to [Arizona Rule of Civil Procedure 12(c)] tests the sufficiency of the complaint, and judgment should be entered for the defendant if the complaint fails to state a claim for relief."  *Giles v. Hill Lewis Marce*, 195 Ariz. 358, 359, ¶ 2 (App. 1999).  We review the granting of a motion for judgment on the pleadings de novo.  *Id.*

¶17        The superior court properly granted judgment to the Defendants on the pleadings because the Agreement's and Amendment's terms were plain and unambiguous, leaving no room for parol evidence to change or modify the terms. Lattin argues the Agreement and Amendment directed that she have a one-half membership interest in Shamrock upon exercising her option, not one-third.  But the Agreement states that Lattin possesses "the option to acquire a one-third (1/3) Membership Interest in and to the Company."   And, the Amendment confirms that the Agreement's terms remain "in full force and effect."   Arizona courts

consider "the plain meaning of the words" of a contract in the context of the whole contract to determine the meaning of the document. *Dunn v. FastMed Urgent Care PC*, 245 Ariz. 35, 38, ¶ 10 (App. 2018).

**¶18** Lattin still insists the Agreement is susceptible to differing interpretations and the superior court should have considered parol evidence to interpret the document. Not so. Arizona courts will not consider parol evidence when interpreting a contract unless the contract's terms are "reasonably susceptible" to the movant's alternative interpretation. *Taylor v. State Farm Mut. Auto. Ins. Co.*, 175 Ariz. 148, 154 (1993). As discussed above, the terms of the Agreement and Amendment are plain and contrary to Lattin's claims. They are not reasonably susceptible to Lattin's urged interpretation.

**¶19** Beyond that, Lattin wants to introduce her own declaration as parol evidence, in which she describes her subjective perception of the contract's terms, which differed from the contract's actual terms. *Cf. Isaak v. Massachusetts Indem. Life Ins. Co.*, 127 Ariz. 581, 584 (1981) ("No matter what form a written contract takes, it is not the undisclosed intent of parties to a contract with which we are concerned, but the outward manifestations of their assent. A clear and unambiguous contract must be interpreted according to its terms."). In the end, Lattin's self-interested subjective perception must yield to the Agreement's plain and unambiguous terms.

## CONCLUSION

**¶20** For these reasons, we affirm. The Defendants request their attorney fees and costs on appeal under the Agreement, A.R.S. §§ 12-341 and 12-341.01. We grant their request upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA