**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BONNIE HUIZENGA,

         Defendant-Appellant,

 v.

DOMINIK SPANG,

         Defendant-Appellee,

 and

SONJA DITTMAN; HERRN DOMINIK
SPANG,

         Defendants.

No.   20-17515

D.C. No. 3:18-cv-08320-JJT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted April 20, 2023
Phoenix, Arizona

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: TALLMAN, OWENS, and BADE, Circuit Judges.

Bonnie Huizenga appeals the district court's grant of summary judgment in favor of Dominik Spang in this interpleader action filed to determine the beneficiary of Dirk Spang's life insurance and the proceeds from his 401(k) plan.

Dirk was diagnosed with lung cancer in 2018, and his close friend, Sondrea Liska, helped care for him during this time. According to an unsworn letter from Liska, Dirk told Liksa "in several conversations" over a period of many weeks, that he wanted to change his beneficiary designation from Huizenga to his brother in Germany, Dominik. Dirk was in a serious car accident in Arizona on May 29, 2018, that left him in the hospital in "critical condition." While in the hospital, Dirk allegedly again told Liska that he wanted his beneficiary changed to Dominik and asked Liska to change it. Dirk was then moved to hospice care on June 3, 2018. He was "unable to move" at that time and "lost the ability to speak." Liska, using Dirk's login and password information, changed the beneficiary designation on June 6, 2018, at 4:57 PM. Dirk died roughly fifteen hours later, at 8:10 AM on June 7, 2018. Dirk did not have a durable power of attorney designating Liska as his attorney in fact.

The district court found that prior to his death Dirk was competent—in April and May 2018—to make the decision to change his beneficiary designation on his life insurance and 401(k) plan from Huizenga to Dominik. In making this finding,

2

the district court relied on the unsworn letter from Liska.  The district court also rejected the sworn affidavit of the physician caring for Dirk in hospice, Dr. Carrie Monroy, that stated her professional opinion that Dirk lacked the necessary capacity to make the decision to change his beneficiary designation on the day before he died.

We review de novo a district court's grant of summary judgment.  *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022).  Evidentiary rulings made in ruling on a motion for summary judgment are reviewed for abuse of discretion.  *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir. 2021).  We reverse and remand for redetermination because (1) the district court erred in examining Dirk's competency during the incorrect time period, and (2) abused its discretion by not considering Dr. Monroy's affidavit in its analysis.

1. In Arizona, a durable power of attorney may be used to delegate decision making from a principal to a third party who may act on behalf of the principal.  *See* Ariz. Rev. Stat. § 14-5501(A) ("A durable power of attorney is a written instrument by which a principal designates another person as the principal's agent.").  But an agency relationship can be formed without the existence of a durable power of attorney.  *See In re Sky Harbor Hotel Props. LLC*, 443 P.3d 21, 23 (Ariz. 2019).  However, unlike durable powers of attorney, unwritten agency relationships terminate upon the incapacity of the principal.  *Golleher v. Horton*, 715 P.2d 1225, 1229 (Ariz. Ct. App. 1985) ("As a general rule of common law, the power of an

3

agent does not survive the incompetency of his principal.")

Because Dirk lacked a durable power of attorney, the relevant time frame the district court should have focused upon was his competency on the day before he died, June 6, 2018, when Liska changed his beneficiary designations. Even if Liska acted as Dirk's agent in the months prior to his death in managing his fiscal affairs, any agency relationship that may have existed terminated upon Dirk's incompetency. *Id*. Therefore, the district court's analysis that Dirk was fully competent when he made the decision to change the beneficiary designation in April and May 2018 is not relevant to the analysis required under Arizona law, which directs the district court to analyze Dirk's competency on June 6, 2018. *See Nunez v. Duncan*, 591 F.3d 1217, 1222–23 (9th Cir. 2010) (in reviewing a district court's grant of summary judgment, we determine "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law" (quotation omitted)).

2. Additionally, the district court abused its discretion when it chose not to consider the sworn affidavit of Dr. Monroy. The district court demanded too much from Dr. Monroy as she was stating her professional opinion, as Dirk's treating physician, as to Dirk's mental state at the relevant time, and not writing a legal treatise on testamentary capacity covering the earlier time period. Any evidence the parties may offer from witnesses with relevant knowledge at the proper time may be

4

considered along with Dr. Monroy's opinion as relating to the June 6, 2018, mental capacity inquiry. *See, e.g.*, *In re Walters' Estate*, 267 P.2d 896, 898 (Ariz. 1954) (noting, when analyzing capacity, that "nurses and hospital employees" who witnessed the testator execute his will stated that he "was conscious, mentally alert and of sound mind at all times"). The evidentiary standards for summary judgment should be applied. *See Shepard v. Quillen*, 840 F.3d 686, 687 n.1 (9th Cir. 2016).

Dr. Monroy's opinion, coupled with the fact that the beneficiary designation change occurred fifteen hours before Dirk's death while Dirk was in hospice care at minimum presents a genuine issue of material fact as to whether Dirk had the requisite capacity at the time Liska actually made the change. We vacate the summary judgment previously entered in favor of Dominik Spang and remand on an open record for such evidentiary proceedings as the district court may deem necessary. Each party shall bear its own costs on appeal.

**REVERSED AND REMANDED with instructions**.